UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAFAEL ARDEN JONES,

                        Petitioner,

          -against-

MICHELLE HALLET,

                        Respondent.

20-CV-10350 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Petitioner, currently incarcerated on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his ongoing proceedings in the New York Supreme Court, Bronx County. By order dated January 29, 2021, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court denies the petition without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this action under § 2254 challenging his ongoing criminal proceedings in Bronx County Supreme Court. Petitioner alleges that he was charged with "domestic terrorism" and convicted on January 14, 2021. (ECF 11, at 1) He also alleges that he appealed his judgment of conviction to this Court, referencing the docket number assigned to this case.

According to records maintained by the New York City Department of Correction, Petitioner was arrested on October 21, 2020, and charged with criminal contempt in the second degree, N.Y. Pen. L. § 215.50. *See People v. Jones*, No. 2020BX001289 (Bronx Crim. Ct.). Those records also indicate that Petitioner's next court date is scheduled for April 2, 2021. Court records of the New York State Unified State Court System indicate that a hearing was held on January 14, 2021, when Petitioner's case was adjourned.

## DISCUSSION

**A.     Ongoing Proceedings**

To the extent that Petitioner seeks this Court's intervention in his pending state-court criminal proceeding, the Court denies this request. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Petitioner has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding.

**B.     Conviction and Exhaustion of State-Court Remedies**

Petitioner brings this action under § 2254, which provides relief to an individual who is in "custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). As Petitioner has not yet been convicted, he is not in custody pursuant to a judgment of a state court. If Petitioner is convicted, before he can seek federal *habeas* relief under § 2254, he must first exhaust all available state-court remedies. *See* § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In other words, if New York State provides a procedure, Petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by Petitioner before this Court may review a petition for a writ of *habeas corpus* brought under § 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

As Petitioner's criminal proceedings are ongoing, and he does not allege that he raised any of his challenges in any state court, the Court denies the petition without prejudice as prematurely filed. If Petitioner is convicted, after he has fully exhausted his state-court remedies, he may file his *habeas corpus* petition in this Court.

## CONCLUSION

The Clerk of Court is directed mail a copy of this order to Petitioner and note service on the docket. Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice.

The Clerk of Court is also directed to terminate all motions in this action.

SO ORDERED.

Dated:   February 25, 2021
         New York, New York

                                              _____
                                              Louis L. Stanton
                                              U.S.D.J.