UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL A. JONES,

     Petitioner,

   -against-

MICHELLE HALLETT,

     Respondent.

20-CV-10350 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

  Petitioner, who is incarcerated on Rikers Island, filed this 28 U.S.C. § 2254 petition *pro se*, challenging his ongoing proceedings in the Bronx County Criminal Court. On February 25, 2021, the Court denied the petition under *Younger v. Harris*, 401 U.S. 37 (1971), without prejudice to Petitioner's filing a 28 U.S.C. § 2254 petition should he be convicted. (ECF 17.) The Court noted that before filing any such motion, Petitioner must exhaust all available state court remedies. (*Id.* at 3.)

  Petitioner has since filed nine submissions challenging the Court's February 25, 2021 order, namely: (1) a motion for the production of documents (ECF 19); (2) a motion for reconsideration under Fed. R. Civ. P. 60(b) (ECF 20); (3) a motion seeking a stay on eviction proceedings concerning his New York apartment (ECF 21); (4) a request for injunctive relief related to the delivery of his legal mail (ECF 22); (5) a motion for review of evidence (ECF 24); (6) a "notice" regarding alleged violations occurring in Petitioner's ongoing criminal proceeding (ECF 26); (7) another "notice" describing additional alleged violations occurring in the state criminal matter (ECF 27); (8) a motion for a "mandate order" of a writ of mandamus (ECF 28); and (9) an "amicus curia" regarding his criminal case (ECF 29).

Petitioner also filed two *habeas corpus* petitions regarding his ongoing proceedings (ECF 23, 30).

After reviewing Petitioner's submissions, the Court (1) denies the Rule 60(b) motion because Petitioner does not challenge the integrity of the *habeas corpus* proceeding; (2) construes the two *habeas corpus* petitions as leave-to-amend applications and denies leave; and (3) denies the remaining motions as moot.

## DISCUSSION

### A.  Rule 60(b)

Where a petitioner challenges the denial of a *habeas corpus* petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the . . . habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Here, Petitioner does not attack the integrity of the *habeas* proceeding. Rather, he challenges his ongoing proceedings in state court. As this challenge is not an attack on the *habeas* proceeding held by this Court, the Rule 60(b) motion is denied.

### B.  New *habeas corpus* petitions

Petitioner has filed two submissions, which he styles as petitions brought under § 2254, seeking release. The Court construes these submissions as applications seeking leave to file an amended petition, *see Littlejohn v. Artuz,* 271 F.3d 360, 363 (2d Cir. 2001), and denies leave to amend.

A *habeas corpus* petition is considered pending during the time in which a petitioner is exhausting any "appellate remedies." *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002). Accordingly, a motion to amend a § 2254 petition, brought while an initial § 2254 petition is pending, should not be construed as a second or successive petition. *See Littlejohn*, 271 F.3d at

363. If a petitioner files a petition while appellate remedies are pending, a district court should consider whether to grant leave to amend the petition in accordance with Fed. R. Civ. P. 15(a). *See id*.

Here, the Court denies Petitioner leave to file an amended petition for the same reason the Court denied the original petition, that is, Petitioner has failed to allege any special circumstances concerning his ongoing criminal proceedings that suggest bad faith, harassment, or irreparable injury that is both serious and immediate. *See Younger*, 401 U.S. at 53. Although Petitioner describes his current detention as a kidnapping, according to New York State records, Petitioner's current incarceration arises out of his arrest for assault with intent to cause physical injury, N.Y. Pen. L. § 120.00. *See People v. Jones*, No. 2020BX001289 (Bronx Crim. Ct.) (next court date scheduled for June 9, 2021).

Moreover, to the extent Petitioner complains about the condition of his confinement, such allegations must be raised in a civil action brought under 42 U.S.C. § 1983.[1] *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (noting that "challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action").

As Petitioner does not suggest any extraordinary circumstances regarding his current, prosecution, the Court denies Petitioner leave to amend his petition.

---

[1] For the same reasons, Petitioner also may not challenge his eviction proceedings in this *habeas corpus* proceeding. The Court offers no opinion as to the merit of any challenge to Petitioner's eviction that he chooses to bring in Housing Court.

## CONCLUSION

The Court denies Petitioner's motion for reconsideration (ECF 20). The Court also denies Petitioner's remaining motions (ECF 19, 21, 22, 24, 26, 28) as moot. Finally, the Court construes Petitioner's two petitions brought under § 2254, as motions for leave to file a § 2254 petition, and denies leave to amend.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

Petitioner's case in this Court under Docket No. 20-CV-10350 is closed. The Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated: May 10, 2021
New York, New York

_____
Louis L. Stanton
U.S.D.J.